UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GEORGE MARTIN, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | 1:06-cv-1298-RLY-WTL |
| ) | |
| THE INDIANA HEART HOSPITAL, LLC, ) | |
|     Defendant. ) | |

**ENTRY ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff, George Martin ("Martin"), filed a Complaint against defendant, the Indiana Heart Hospital, LLC ("IHH"), under Title III of the Americans With Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act. Martin, who is profoundly deaf and communicates in American Sign Language, alleges that IHH refused to provide a sign language interpreter on three occasions when he sought emergency treatment, and unreasonably delayed the services of a sign language interpreter after he was admitted to the hospital on two occasions. Martin also alleges that IHH discriminated against him by failing to implement, modify, and enforce a policy to provide effective communication with deaf individuals. Lastly, Martin alleges that IHH retaliated against him for complaining about IHH's unlawful conduct by prematurely discharging him and refusing him continued treatment. IHH now moves for judgment on the pleadings.[1] For the

---

[1] Martin filed a motion for leave to file Amended Complaint ("motion for leave") on March 2, 2007. On March 30, 2007, the court granted in part, and denied in part, Martin's motion for leave. Although the motion for judgment on the pleadings was fully briefed before

reasons set forth below, the court **GRANTS** in part, and **DENIES** in part, its motion.

**I.      Background**

Plaintiff, a resident of Hamilton County, Indiana, is profoundly deaf, and thus, a qualified individual with a disability.  (Amended Complaint at ¶ 3).  IHH, an Indiana corporation that operates a medical care facility in Indianapolis, Indiana, is a private entity providing a public accommodation.  (*Id*. at ¶¶ 4, 21).

On the evening of May 12, 2006, at approximately 11:00 p.m., Martin went to the emergency room at IHH complaining of chest pain, shortness of breath, pain in his jaw and trouble swallowing.  (*Id*. at ¶ 7).  Martin's wife notified the staff at the registration desk that Martin was deaf and that he required the services of a sign language interpreter.  (*Id*.).  Following numerous medical tests, IHH admitted Martin to the hospital for further treatment.  (*Id*. at ¶ 8).  Despite repeated requests for the services of an interpreter, IHH did not provide a sign language interpreter for Martin until approximately thirteen (13) hours after he was admitted to the hospital.  (*Id*. at ¶ 10).  An administrator of IHH informed Mrs. Martin that pursuant to policy, a sign language interpreter would only be made available to Martin during the hours of 8:00 a.m. and 12:00 p.m. and that Martin would be required to communicate with hospital staff via written messages during the remaining time period.  (*Id*. at ¶ 11).  Martin was discharged from the hospital on May 16,

---

the court ruled on the motion for leave, Martin referred to the allegations in the Amended Complaint in her Response Brief, and IHH referred to the same in its Reply Brief.  Accordingly, the court will look to the allegations contained within the Amended Complaint in ruling on this motion.

2006. (*Id*. at ¶ 12).

On May 17, 2006, Plaintiff returned to IHH exhibiting many of the same symptoms as he had prior to his May 12, 2006 visit. (*Id*. at ¶ 13). Martin requested the services of a sign language interpreter, but was denied the request. (*Id*.). Martin elected to leave IHH and was not admitted to the hospital. (*Id*.).

On June 16, 2006, Plaintiff returned to IHH with similar symptoms as his previous two visits. (*Id*. at ¶ 14). Martin requested the services of a sign language interpreter, but was told that "he didn't need one." (*Id*.). Martin was admitted to IHH, and was provided an interpreter approximately eight (8) hours after he arrived at IHH. (*Id*. at ¶ 15).

During his June hospital stay, Martin was informed by an IHH administrator that IHH's policy limited the provision of a sign language interpreter to two (2) hours per day. (*Id*. at ¶ 15).

Martin alleges that IHH has not disseminated its ADA policy, and has not trained its staff in the requirements of the ADA with respect to deaf and hard of hearing patients. (*Id*.).

Martin also alleges that IHH discharged him prematurely because of the numerous complaints he and his wife made regarding IHH's "refusal" to provide a sign language interpreter and its lack of an adequate policy for providing sign language interpreters. (*Id*. at ¶ 16).

## II.     Dismissal Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides that a party may move

for judgment on the pleadings after the pleadings are closed. A court must apply the same standard of review for a Rule 12(c) motion as it applies for a Rule 12(b) motion. *McMillan v. Collection Prof. Inc.*, 455 F.3d 754, 757 n. 1 (7th Cir. 2006). Thus, a court may only grant a Rule 12(c) motion if it appears beyond doubt that the plaintiff can prove no set of facts that would support his/her claim for relief. *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

### III. Discussion

#### A. Count I, Plaintiff's Title III ADA Claim

Count I of Martin's Amended Complaint seeks injunctive relief[2] pursuant to 42 U.S.C. § 12188. IHH contends that Martin lacks standing to bring that claim. In order to meet the constitutional requirements of standing, a plaintiff seeking relief bears the burden of establishing three elements: (1) that he suffered an injury in fact; (2) that there is a causal connection between the injury and the conduct complained of; and (3) that it is likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). With respect to the "injury in fact" prong, Martin must show more than past exposure to illegal conduct; instead, he must show a real and immediate threat of repeated injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). In other words, Martin must allege a future encounter with IHH which is likely to lead to a similar violation of some protected right. *Id*. at 105-06.

In Plaintiff's Response, Martin alleges that he will suffer additional acts of

---

[2] Title III of the ADA does not provide a cause of action for damages for private litigants.

discrimination in the future. In support of this allegation, Martin asserts that: (1) he has a heart condition; (2) he has a family history of heart disease; (3) he lives 6 miles from IHH; and (4) he desires to be treated at IHH because he believes that it has an excellent reputation. (Plaintiff's Response at 9). These allegations are insufficient to maintain standing to seek injunctive relief. Although Martin fully intends on returning to IHH if his heart condition warrants medical intervention in the future, there is no evidence, beyond Martin's own speculation, that Martin is likely to return to IHH, nor evidence that Martin will be discriminated against if he, in fact, returns to IHH in the future.

In an attempt to salvage his claim, Martin alleges in his Amended Complaint that IHH maintains an internet website which offers a program entitled "My Heart, My Community," which offers "a myriad of continuing treatment services" to help its former patients maintain a heart-healthy lifestyle. (Plaintiff's Response at 8). Martin alleges that he "desires and intends to utilize these education resources provided in the audio/visual library, but cannot because the educational materials are inaccessible to him." (Amended Complaint at ¶ 6(g)). Martin fails to allege, however, that he notified IHH that he wanted to use these educational resources. *See E.E.O.C. v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005) (To state a claim for failure to accommodate under Title I, a plaintiff must show that the employer was aware of his disability). He also fails to allege that he requested any type of accommodation – *i.e.*, closed caption for hearing or simply paper copies of the relevant information – as it relates to these resources, and that such an accommodation is feasible. *Wisconsin Comm. Serv., Inc. v. City of Milwaukee*, 465 F.3d

5

737, 751 (7th Cir. 2006) (A Title III plaintiff must show that the accommodation he seeks is reasonable). Without such evidence, Martin's claim fails.

### B. Count II, Plaintiff's Rehabilitation Act Claim

Count II of Martin's Amended Complaint alleges a violation of Section 504 of the Rehabilitation Act. IHH contends this claim should be dismissed on two grounds: (1) Martin cannot establish a prima facie case of discrimination; and (2) Martin cannot establish his right to monetary damages. The court will discuss each in turn below.

#### A. Prima Facie Case

Section 504 of the Rehabilitation Act provides:

> No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ."

29 U.S.C. § 794(a). Thus, in order to establish a Section 504 violation, Martin must show that: (1) he has a disability; (2) he is "otherwise qualified" for the benefit that was denied; (3) he is being denied benefits solely by reason of his disability; and (4) the entity denying Martin benefits receives federal financial assistance. *Proctor v. Prince George's Hosp. Ctr.*, 32 F.Supp.2d 820, 826 (D.Md. 1998); *Lincoln Cercpac v. Health and Hosp. Corp.*, 977 F.Supp. 274, 278 (S.D.N.Y. 1997), *aff'd* 147 F.3d 165 (2d Cir. 1998). In this case, the only element in dispute is whether Martin has been denied benefits solely by reason of his disability.

With respect to the hearing impaired, such as Martin, the implementing regulations

to the Rehabilitation Act provide that a recipient hospital, like IHH:

> shall establish a procedure for effective communication with persons with impaired hearing for the purpose of providing emergency health care.

*Id*. If the recipient hospital employs fifteen or more persons, it "shall provide appropriate auxiliary aids to persons with impaired sensory, manual, or speaking skills, where necessary to afford such persons an equal opportunity to benefit from the service in question." *Id*. at § 84.52(d)(1).

IHH contends that Martin cannot establish that he was denied a benefit because of his hearing impairment, as he was provided medical service by IHH and he received sign language interpretation services while under IHH's care.

IHH misconstrues Martin's claim. Martin's Amended Complaint alleges, in relevant part, that IHH "failed to provide and/or unreasonably delayed the provision of a qualified sign language interpreter for Mr. Martin at various times during his care at IHH." (Amended Complaint at ¶ 6(g)). Thus, Martin's claim relates to his exclusion from participation in his medical treatment at various stages of that treatment, not the treatment itself. *Proctor*, 32 F.Supp.2d at 828 (Court denied summary judgment on plaintiff's Rehabilitation Act claim, finding an issue of fact on whether plaintiff's rights were violated by inadequate accommodations at various stages of his treatment). *See also Naiman v. New York Univ.*, 1997 WL 249970 (S.D.N.Y. May 13, 1997) (citing *Aikins v. St. Helena Hosp.*, 843 F.Supp. 1329, 1338 (N.D.Cal. 1994) (Court recognized that adequate medical treatment is not a defense to claim that defendant failed to provide

effective communication under the Rehabilitation Act).

Moreover, Martin alleges that IHH: (1) failed to maintain policies and procedures to ensure compliance with Section 504, specifically policies that provide equal access and effective communication to individuals with disabilities, (Amended Complaint at ¶¶ 22(a), 29, 31), (2) failed to ensure that its communications with Martin were as effective as communications with hearing patients (*id.* at ¶¶ 22(b), 30), and retaliated against Martin for exercising his right to equal access and effective communications. (*Id.* at ¶¶ 22(e), 29).

Given all of these allegations, the court finds Martin has adequately stated a claim under Section 504 of the Rehabilitation Act.

### B. Monetary Damages

In Count II, Martin seeks monetary damages under the Rehabilitation Act. In order to prove discrimination and prove damages under the Rehabilitation Act, Martin must demonstrate discriminatory intent, amounting to deliberate indifference. *Garcia v. S.U.N.Y. Health Serv. Ctr.*, 280 F.3d 98, 115 (2d Cir. 2001); *Freydel v. New York Hosp.*, 242 F.3d 365, 2000 WL 1836755 (2d Cir. Dec. 13, 2000).

In Martin's Amended Complaint, he alleges that IHH did not maintain or enforce policies required under the Rehabilitation Act regarding emergency care and refused to provide interpreters in the emergency room. Moreover, on one occasion, IHH informed Mrs. Martin that pursuant to policy, a sign language interpreter would only be available to Mr. Martin during the hours of 8:00 a.m. and 12:00 p.m., and that Martin would be

required to communicate with hospital staff via written messages during the remaining period of time.  On another occasion, Mrs. Martin was informed by IHH that IHH's policy limited the provision of a sign language interpreter to two (2) hours per day.  Finally, Martin alleges that IHH retaliated against him for requesting the services of a sign language interpreter.  The court finds these allegations sufficient to withstand a motion for judgment on the pleadings.  Accordingly, Count II of Martin's Amended Complaint stands.

### IV.     Conclusion

For the reasons explained above, the court **GRANTS** Defendant's Motion for Judgment on the Pleadings (Docket # 19) with respect to Count I of Plaintiff's Amended Complaint, and **DENIES** Defendant's Motion for Judgment on the Pleadings with respect to Count II of Plaintiff's Amended Complaint.

**SO ORDERED** this  21st  day of May 2007.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Philip J. Gibbons Jr.
HASKIN LAUTER LARUE & GIBBONS
pgibbons@hllglaw.com

Edward A. Kersten
HASKIN LAUTER LARUE & GIBBONS
ekersten@hllglaw.com

Richard A. Smikle
ICE MILLER LLP
richard.smikle@icemiller.com